UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| JTH TAX LLC d/b/a LIBERTY TAX SERVICE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No.: 2:21-cv-339 |
| | : | |
| ANDREA CASWELL, | : | |
| Serve: 540 Hyde Park Place, Apt. 4 | : | |
| Inglewood, California 90302 | : | |
| | : | |
| Defendant. | : | |

**VERIFIED COMPLAINT**

Plaintiff, JTH Tax LLC d/b/a Liberty Tax Service ("Liberty"), by counsel, for its Verified Complaint against Defendant, Andrea Caswell ("Defendant"), alleges as follows:

**INTRODUCTION**

1. Defendant abandoned his Franchised Businesses, leaving without payment of outstanding debts and without return of confidential business materials. Defendant remains in possession of Liberty's trade secrets—its confidential Operations Manual and customer lists, information, and records, to solicit Liberty's customers and compete with Liberty months after the termination of the relevant Franchise Agreements. Defendant's wrongful conduct harms Liberty as well as its franchise system.

2. Liberty seeks (1) an immediate injunction prohibiting Defendants from using Liberty's proprietary information, (2) monetary damages for Defendant's breaches of the Franchise Agreement, (3) monetary damages and attorneys' fees for Defendants' violation of the DTSA, (4) payment for all debts incurred with operating the Franchised Business, and (5) return

1

of Liberty's trade secrets and confidential information.

## PARTIES

3. Liberty is a Delaware limited liability company with its principal place of business at 1716 Corporate Landing Parkway, Virginia Beach, Virginia 23454. For jurisdictional purposes, Liberty is a citizen of the states in which its members are domiciled, which are as follows: Colorado, Connecticut, Florida, Illinois, Massachusetts, New Hampshire, New York, Pennsylvania, Texas, and Virginia.

4. Upon information and belief, Defendant is a citizen of the state of California, with a last known residential address of 540 Hyde Park Place, Apartment #4, Inglewood, California 90302. For jurisdictional purposes, upon information and belief, Defendant is a citizen of the State of California, where he is domiciled.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because this is complete diversity and the amount in controversy, excluding interest and costs, exceeds $75,000.

6. Defendant entered into a valid and enforceable Franchise Agreement for the ownership and/or operation of Liberty franchise territories CA236, CA606, and CA885 on June 17, 2010, which they renewed on June 17, 2015 (attached hereto as Exhibit, A, B, C, respectively). Each Franchise Agreement contains a mandatory choice of law provision requiring that "Virginia law governs all claims that in any way relate to or arise out of this Agreement or any of the dealings of the parties hereto." *Id.* § 13.

7. This action is properly venued in the U.S. District Court for the Eastern District of Virginia, pursuant to 28 U.S.C. §§ 1391(b)(1) and (2), because a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of Virginia, Norfolk

Division. Additionally, each Franchise Agreement contains an identical provision as follows in pertinent part:

> In any suit brought by any or all of the Liberty Parties, that in any way relates to or arises out of this Agreement or any of the dealings of the dealings between you and any or all of the Liberty Parties, you consent to venue and personal jurisdiction in the state court in the city or county where Liberty's national office is located and the federal courts located in the State where Liberty's national office is located (presently Virginia Beach, Virginia state courts and the United States District Courts located in the Commonwealth of Virginia).

*See, e.g.*, Exhibit A § 18(b).

## FACTUAL BACKGROUND

**Liberty**

8. Liberty is the franchisor of Liberty Tax Service® income tax preparation service centers located throughout the United States, including the Commonwealth of Virginia.

9. Liberty owns the federally-registered Liberty Tax Service® trademarks, service marks, logos and derivations thereof (the "Marks"), and has spent substantial time and money advertising and promoting the distinctive and well-known Liberty Tax Service® system, which sells income tax preparation and filing services and products to the public under the Marks. Franchisees license the Marks pursuant to franchise agreements.

10. Pursuant to the terms of franchise agreements, Liberty discloses certain confidential information and trade secrets, including Liberty's confidential Operations Manual, methods of operation of franchise, customer information and records, and marketing information, to franchisees.

11. Liberty has grown to be one of the largest tax preparation franchises in the United States.

12. Liberty plays an important role in the local Norfolk, Virginia economy, as well as nation-wide, with a network of over 21,000 tax preparers.

13. Liberty's busiest time of year are the months of January through April, during which time Liberty generates approximately 90% of its annual revenue.

**Obligations under the Franchise Agreement**

14. On or about January 7, 2021, Defendant entered into three Franchise Agreement with Liberty for the Territories known as CA236, CA606, and CA885. Defendant operated the Franchised Businesses from 6000 Sepuleda Blvd., suite 1151, Culver City, California 90230 (the "CA235 Location"); 4709 South Broadway, Suite A, Los Angeles, California 90037 (the "CA606 Location"); and 306 West Florence Avenue, Los Angeles, California 90003 (the "CA885 Location") (Collectively, the "Franchise Locations").

15. In exchange for Liberty's grant of the franchises allowing them to "operate a tax return preparation business using Liberty's system and Liberty's Marks within the Territory," and specifically at the Franchise Locations, Defendant agreed to certain obligations while operating under the Franchise Agreements, as well as post-termination.

16. Pursuant to the Franchise Agreements, Liberty provided Defendant and with training in franchise operation, marketing, advertising, sales, and business systems. Defendant also received a copy of Liberty's confidential operating, marketing, and advertising materials, which are not available to the public or to anyone who is not part of Liberty's business system.

17. Under the Franchise Agreements, Defendant agreed to pay Liberty certain royalties and fees. Exhibits A-C § 4(d).

18. Pursuant to Section 9(d), "[p]ay to Liberty all amounts owing to Liberty, whether related to the Territory or not. If termination is for any default by Franchisee, the sums to be paid to Liberty will include all damages, costs and expenses, including reasonable attorney's fees incurred by Liberty as a result of the default including any enforcement of Franchisee's post

termination obligations."

**Promissory Notes**

19. Defendant made four promissory notes (collectively, the "Notes") in favor of Liberty that are past due and owing. *See* Exhibits D-F.

20. Three of the Notes provide that interest shall accrue at a rate of 12% per annum. *Id.* at 1. *See* Exhibits D-E.

21. These Notes provide that Liberty will deduct monies that Defendant owes Liberty to apply to upcoming amounts due to Liberty and remit the balance of fees received under Liberty's Automatic Payment Transfer program. *Id.*

22. In these Notes, Defendant agreed "to pay all attorneys' fees and other costs and expenses that Liberty may incur in connection with the collection or enforcement of [the Note]." *Id.*

23. These Notes set forth events that constitute default, including "(a) any default in the payment of any installment or payment of principal, interest, or other amounts due and payable under this Note;...(c) any default by Obligor in the performance of, or compliance with, any provision in this Note or other agreement, document or instrument to which any Obligor and Liberty are parties..." *Id.* at 2.

24. Defendant agreed that, "If an event of default shall occur or if the undersigned shall fail to pay this Note in full at maturity, the entire unpaid balance of this Note and all accrued interest shall become immediately due and payable, at the option of Liberty, without notice or demand to any Obligor." *Id.*

25. Defendant agreed that, "The signature of an individual or individuals on behalf of an entity constitutes the entity's agreement to such terms. In addition, the signatures of all

individuals below in any capacity also constitute their personal joint and several agreement to perform all the obligations in and relating to this Promissory Note." *Id.* at 3.

26. Defendant agreed that each of the promissory notes "shall be construed in all respects and enforced according to the laws of the Commonwealth of Virginia." *Id.*

27. Section 23 of the Franchise Agreements contains a personal guaranty whereby Defendant agreed to abide by the terms therein including, specifically, those pertaining to governing law and forum selection, to make all payments specified in the Franchise Agreements, and to pay any promissory notes and debt owed to Liberty. *See* Exhibits A-C.

28. On January 7, 2021, Defendant executed a promissory note in favor of Liberty in the principal amount of $113,354.32 (the "3146-LI-2101 and 3146-LI-2102 Note"). Exhibit D. Pursuant to the 3146-LI-2101 and 3146-LI-2102 Note, upon Defendant's abandonment of the Franchise Agreements, the full amount became due and owing, with an outstanding balance of $29,291.80 and $84,082.52, respectively.

29. On January 7, 2021, Defendant made a promissory note in favor of Liberty in the principal amount of $32,320.00 (the "3146-FR-2101 Note"). Exhibit E. Pursuant to the 3146-FR-2101 note, upon Defendant's abandonment of the Franchise Agreements, the full amount became due and owing, with an outstanding balance of $32,320.00.

30. On January 27, 2021, Defendant made a promissory note with Metabank National Association ("Metabank"), as a line of credit with a maximum loan amount of $135,217.36 (the "3146-OP-2021-4 Note"). Exhibit F.

31. Liberty has an agreement with Metabank, where Metabank will provide a line of credit to Liberty Franchisees.

32. Under this agreement, Franchisees owe to Liberty amounts owed under their promissory note with Metabank, and Liberty makes the payments on behalf of the franchisee. *Id.*

33. Upon Defendant's abandonment of the Franchise Agreement, Liberty became liable for the amounts owed to Metabank.

34. Pursuant to the Franchise Agreements, upon Defendant's abandonment of the Franchise Agreements, the full amount became due and owing, with an outstanding balance of $47,036.31.

**Termination of the Franchise Agreements and Post-Termination Obligations under the Franchise Agreements**

35. On or about April 2, 2021, Liberty terminated the Franchise Agreements, effective immediately, due to Defendant's abandonment of the Franchise Businesses. *See* Exhibit G.

36. Pursuant to the Termination, Defendant was reminded that he remained bound by the post-termination covenants of the Franchise Agreements. *See id.*

37. Section 9 of the Franchise Agreements set forth Defendant's post-termination obligations, including, *inter alia*, the obligation to: assign all phone numbers used in connection with the operation of the Franchised Businesses to Liberty; assign to Liberty interest in any leases; deliver all customer lists, tax returns, files, and records; return Liberty's confidential operations manual; and adhise to the Franchise Agreement's post-termination non-competition and non-solicitation covenants. *See* Exhibits A-C.

## COUNT I
### *Breach of the Notes*

38. Liberty repeats and re-alleges the foregoing paragraphs as if fully set forth herein

39. The Notes are valid and enforceable.

40. Pursuant to the Notes, Defendant was obligated to pay the principal and the remaining interest on April 2, 2021. *See* Exhibits D-F.

41. Defendant is in default for non-payment, therefore, the entire principal and accrued interest are due and owing immediately.

42. In total, Defendant has not paid Liberty the outstanding amount of $192,710.63 and has additionally not paid Liberty the outstanding total interest amount of $3,956.52 due and owing on all of the Notes he made.

43. In three of the Notes, Defendant agreed "to pay all attorneys' fees and other costs and expenses that Liberty may incur in connection with the collection or enforcement of [the Note]." *See* Ex. D-E.

44. In the fourth Note, Liberty has become liable for debts owed to Metabank that are the responsibility of Defendant. *See* Ex. F.

45. As maker of the Notes, Defendant is personally liable for all amounts due and owing under the Notes. *See* Exs. D-F.

46. Further, pursuant to Section 9(d) of the Franchise Agreements, Defendant, upon default, is liable for "all amounts owing to Liberty," including all damages, costs and expenses, including reasonable attorney's fees incurred by Liberty as a result of the default

47. By virtue of Defendant's failure to satisfy the amounts due and owing under the Notes, he has harmed Liberty in an amount equal to the full value of the Notes, including accruing

interest, and the attorneys' fees and costs incurred by Liberty in connection with the collection and enforcement of the Notes.

WHEREFORE, Plaintiff, JTH Tax, LLC d/b/a Liberty Tax Service, demands judgment against Defendant in an amount in excess of $192,710.63; pre- and post-judgment interest; Liberty's attorneys' fees and costs; and such and further relief as this Court deems necessary and proper under the circumstances.

## COUNT II
### *Breach of the Franchise Agreements – Accounts Receivable*

48. Liberty repeats and re-alleges the foregoing paragraphs as if fully set forth herein

49. The Franchise Agreements are valid and enforceable.

50. Liberty has performed every obligation and condition required of it under the Franchise Agreements.

51. Defendant agree to the in-term and post-term provisions of the Franchise Agreements.

52. At the time of the Breach, Defendant owed Liberty approximately $9,522.65.

53. Defendant intentionally and maliciously violated the terms of the Franchise Agreements.

54. Under the terms of the Franchise Agreements, Defendant must pay interest of 12% on any amounts owed to Liberty that are more than 15 days past due. *See* Exs. A-C.

55. As a direct and proximate result of Defendant's breaches, Liberty has suffered and will continue to suffer damages in an amount to be proven at trial, for which Defendants are liable, including, but not limited to, compensatory damages, consequential damages, and disgorgement of Defendants' profits.

WHEREFORE, Plaintiff, JTH Tax, LLC d/b/a Liberty Tax Service, demands judgment against Defendant in an amount in excess of $9,522.65; pre- and post-judgment interest; Liberty's attorneys' fees and costs; and such and further relief as this Court deems necessary and proper under the circumstances.

## COUNT III
### *Breach of the Franchise Agreements – Future Profits*

56. Liberty repeats and re-alleges the foregoing paragraphs as if fully set forth herein

57. The Franchise Agreements are valid and enforceable.

58. The Franchise Agreements are effective for a five-year term. *See* Ex A-C, sec. 2.

59. Liberty has performed every obligation and condition required of it under the Franchise Agreements.

60. Defendant abandoned the Franchise Agreements with over four years left on the agreed upon term.

61. Under Section 49(d) of the Franchise Agreements, Defendant agreed that for each year of the Term, he owed Liberty increasing minimum amounts of Royalty Payments.

62. In year one, Defendant was to owe Liberty a minimum of $5,000 per territory.

63. In year two, Defendant was to owe Liberty a minimum of $8,000 per territory.

64. In years three through five, Defendant was to owe Liberty a minimum of $11,000 per territory.

65. As a direct and proximate result of Defendant's Breaches of the Franchise Agreements, Liberty has suffered and will continue to suffer damages in an amount to be proven at trial, for which Defendant is liable including, but not limited to, compensatory damages, consequential damages, and disgorgement of Defendants' profits.

//

WHEREFORE, Plaintiff, JTH Tax, LLC d/b/a Liberty Tax Service, demands judgment against Defendant in an amount in excess of $46,000.00; pre- and post-judgment interest; Liberty's attorneys' fees and costs; and such and further relief as this Court deems necessary and proper under the circumstances.

Dated: June 18, 2021　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Patrick K. Burns*
　　　　　　　　　　　　　　　　　　　　Patrick K. Burns (VSB# 80188)
　　　　　　　　　　　　　　　　　　　　Laura A. Weipert (VSB# 96200)
　　　　　　　　　　　　　　　　　　　　GORDON REES SCULLY MANSUKHANI, LLP
　　　　　　　　　　　　　　　　　　　　1101 King Street, Suite 520
　　　　　　　　　　　　　　　　　　　　Alexandria, VA 22314
　　　　　　　　　　　　　　　　　　　　202.372.9076
　　　　　　　　　　　　　　　　　　　　202.800.2999 (Facsimile)
　　　　　　　　　　　　　　　　　　　　pburns@grsm.com
　　　　　　　　　　　　　　　　　　　　lweipert@grsm.com

　　　　　　　　　　　　　　　　　　　　*Attorney for Plaintiff JTH Tax LLC d/b/a Liberty Tax Service*

DocuSign Envelope ID: 0C1BACA1-FC01-48AD-BD26-50DF4B948B3B

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

| | |
|---|---|
| JTH TAX LLC d/b/a LIBERTY TAX SERVICE, | : |
| Plaintiff, | : |
| v. | : Case No.: |
| ANDREA CASWELL, | : |
| Defendant. | : |

Timothy Magerle, being duly sworn, deposes and says:

I am a Regional Director for JTH Tax LLC d/b/a Liberty Tax Service ("Liberty"). I have read the foregoing Verified Complaint and know the contents thereof and state that the allegations are true. I base this verification on my own knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true. The grounds of my knowledge, information and belief are derived from my position as Regional Director at Liberty, my personal involvement in the events underlying this litigation, and general investigation of the facts and circumstances described in the Verified Complaint, including, without limitation, my review of Liberty's records, and conversations with Liberty's employees.

DocuSigned by:

AEA79BF5D9E04BA...
Timothy Magerle

1235933/59053149v.1